[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
On March 10, 1987, the plaintiff entered into contracts with the named defendant to furnish plumbing and heating in connection with the construction of a house on Andrews Mountain Road in Naugatuck. The exact date on which he started to perform under these contracts has not been proven to my satisfaction but in my view of the case that is not relevant. For present purposes, it suffices that he did start work shortly after the contracts were agreed to. After a significant amount of work had been done, Russo requested him to stop work until such time as a buyer for the house was secured. In late 1988 or early 1989, he was requested to complete work, and work was in fact completed on January 23, 1989. On March 6, 1989, he made a service call to the house because of a leak. It developed that after his work was completed, some third party punctured a pipe by driving a nail into it and this was repaired. He billed separately for that service call in the amount of $103. He has not been paid for the service call and there is also a balance due him of $3,165 for a total of $3,268. On April 28, 1989, he filed a mechanic's lien on CT Page 1035 the premises with the Town Clerk of Naugatuck and also gave not ice of such lien to Russo. The lien alleges that he commenced to furnish materials and render services on March 24, 1987 and he ceased such furnishing on March 6, 1989. The lien is for the full amount due, $3,268. Russo gave the defendant Citytrust a mortgage on the premises recorded on the Naugatuck Land Records on April 30, 1987.
This is an action to foreclose the mechanic's lien. Citytrust disputes the validity, priority and the amount of the lien.
As to its validity, the lien was clearly perfected within ninety days of the service call of March 6, 1989. As to its priority and amount, more than ninety days had elapsed between finishing work under the contracts on January 23, 1989 and giving notice of and filing the lien on April 30, 1989. By no stretch of the imagination can making a service call to repair damage inflicted by a third party after the work under the contracts had been completed be considered a continuation of the contracted work. The plaintiff recognized this by billing for the service call. Therefore, the lien cannot relate back to March 24, 1987 even if that is the correct starting date under the contracts.
I find that the lien is valid for the service call only. Therefore, its amount is $103. It is subordinate to the Citytrust mortgage recorded on April 30, 1987 and also as to any other liens perfected prior to March 6, 1989.
The plaintiff prayed for a strict foreclosure of its mechanic's lien and also for money damages. He is entitled to strict foreclosure of his lien for $103 plus statutory interest from March 6, 1989 to date of redemption if redeemed. In addition, he is entitled to a money judgment of $3,165 plus statutory interest from January 23, 1989 to the date this judgment is entered. Because of the small amount involved as compared to what must be the named defendant's equity, I set law day at April 29, 1991 for the named defendant.
J. HEALEY, STATE TRIAL REFEREE